IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3141-F

| | | |
|---|---|---|
| GARY W. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RICHARD O. BROADWELL, III, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the motion to dismiss [D.E. # 19] of defendant Dr. Richard O. Broadwell,

III. Dr. Broadwell seeks dismissal of the complaint against him on the following grounds:

> (1) failure to state a claim for deliberate indifference to a serious medical need
> pursuant to 42 U.S.C. § 1983 ("§ 1983") pursuant to Rule 12(b)(6) of the Federal
> Rules of Civil Procedure; (2) failure to state a claim based upon supervisory liability;
> and (3) failure to state a claim for declaratory and/or injunctive relief and punitive
> damages against Defendant Broadwell.

Def.'s Mot. To Dis. [D.E. # 19] 1. Dr. Broadwell also seeks a ruling that he is entitled to qualified

immunity. Id. For the reasons that follow, the court grants the motion to dismiss.

In his complaint, plaintiff alleges as follows:

The plaintiff is in the general population at Pamlico Correctional Institution and has
requested transportation to the Hospital for specialized treatment and evaluation by
a medical practitioner with expertise in the treatment of the digestive system,
pancreas, gall bladder, colon, and kidney due to infection, polyps and tumors in my
stomach. I have asked Doctor Richard O. Broadwell, III, M.D. to help me but he
will not nor will he arrange for other follow-up medical treatment to be evaluated by
a medical practitioner with expertise in this type of treatment and serious medical
need. . . . The infection, polyps, and tumors in my stomach are swollen and very

1

painful as a result of this Physician's failure to diagnose and properly treat I am suffering and I am in need of serious medical needs . . . The failure of defendant Richard O. Broadwell, III, M.D. to provide for and arrange for specialized medical care outside the prison constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Compl. [D.E. # 1] 3-4.[1]

Dr. Broadwell first asserts that the complaint against him should be dismissed due to plaintiff's failure to state a claim upon which relief could be granted:

> Assuming, for the purposes of this brief only, that Plaintiff alleged that a serious medical need existed at the time of Defendant Broadwell's treatment of Plaintiff, the Complaint does not set forth facts sufficient to allege that Defendant Broadwell was deliberately indifferent to Plaintiff's alleged medical needs. Even taken in the light most favorable to the Plaintiff, his Complaint refers to numerous treatments and diagnostic test performed and/or ordered by healthcare providers. The attachments to Plaintiff's Complaint demonstrate that Plaintiff did in fact receive medical treatment from medical providers on numerous occasions while housed at Pamlico Correctional Institution ("Pamlico").

Def.'s Supp. Mem. [D.E. # 20] 6. This treatment included lab tests performed in March of 2010 which indicated that plaintiff was within normal limits on his complete blood count, metabolic panel, and prostate antigen levels. See 4/24/10 Sick Call Request, ex. 1 to Compl. [D.E. # 1-2] 8.[2] Plaintiff also was examined by a physician on May 5, 2011, who determined that "there was no hernia and scrotal exam was normal." See 6/8/11 Sick Call Request, ex. 1 to Compl. [D.E. # 1-2] 1. Plaintiff

---

[1] Elsewhere, plaintiff asserts that Dr. Broadwell "also has supervisory authority over Department of Correction Nurses and Physician's assistants, who are subject to his orders." Compl. 2. Whatever the merit of such an assertion, plaintiff has alleged no conduct on the part of any subordinate for which Dr. Broadwell could be held liable as a supervisor. As such, plaintiff has failed to state a claim for supervisory liability against Dr. Broadwell.

[2] As noted by defendant, plaintiff has attached several records of his sick-call requests for treatment to his complaint. Because plaintiff attached these records to his complaint, they are integral to the complaint, and they are authentic, the court may rely upon them in ruling on the motion to dismiss. See Philips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009).

2

also was given x-rays on May 12, 2011, which indicated an "unremarkable abdomen examination" because plaintiff's "bowel gas pattern is unremarkable without large or small bowel dilations. There is no soft tissue mass or pathologic calcification." See 5/19/11 Sick Call Request, ex. 1 to Compl. [D.E. # 1-2] 7. Given all of the treatment plaintiff received, and the fact that such treatment revealed nothing but "normal" conditions and functioning in the examined areas, Dr. Broadwell asserts, "Plaintiff's allegations against Defendant Broadwell rise to nothing more than a disagreement between an inmate and a physician over the inmate's proper medical care, and this does not state a § 1983 claim[.]" Id. at 7.

To the extent plaintiff has responded to defendant's motion to dismiss, he has substantially failed to rebut defendant's arguments. Instead, plaintiff asserts that since he filed this action, defendant "has now made follow-up medical treatments and on or about February 9, 2012, did arrange for the plaintiff to be examined by a medical practitioner at the Carolina East Medical Center." Pl.'s Resp. To Mot. To Dis. [D.E. # 24] 2.[3] Plaintiff does not indicate why the fact that he was provided a consultative radiologic examination is an "undisputed fact[] that entitled him to partial summary judgment on his claim of denial of medical care." Id. at 1. If anything, apart from mooting plaintiff's request for injunctive relief, the overwhelmingly "normal-appearing" results of the radiologic examination only bolster Dr. Broadwell's argument that the treatment afforded to plaintiff prior to this consultation was appropriate and, more importantly, constitutionally sufficient.

---

[3] Plaintiff has also provided a copy of the "Final Report" of the Radiology Consultant at Carolina East Medical Center. In the consultation, numerous "contiguous axial CT images were obtained of the abdomen and pelvis," as well as "[c]oronal and sagittal reconstruction images[.]" Final Report, ex. 1 to Pl.'s Resp. [D.E. # 24-1]. After noting the mostly normal appearance and function of, inter alia, plaintiff's heart, liver, gallbladder, spleen, pancreas, kidneys, bowels, colon, bladder, and bone windows, the consulting radiologist recorded his final impression as "NORMAL-APPEARING CT OF THE ABDOMEN AND PELVIS." Id.

3

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, while a reviewing court must "accept as true all well-leaded allegations and view the complaint in the light most favorable to the plaintiff, Philips, 572 F.3d at 180, the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

Plaintiff claims that Dr. Broadwell was deliberately indifferent to his serious medical needs. Such claims fall under the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff must plausibly allege a "deliberate indifference to [his] serious medical needs." Id. "[T]he need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). A "'serious . . . medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)

4

(quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Grayson, 195 F.3d at 695. When the plaintiff complains that defendant physicians were deliberately indifferent despite rendering treatment, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). However, "mere delay or interference can be sufficient to constitute a violation of the Eighth Amendment." Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

Construing plaintiff's allegations liberally, the court nevertheless concludes that plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570)). That is, plaintiff's allegations are insufficient to support a plausible, non-speculative claim of deliberate indifference to his serious medical needs. Plaintiff's most concise allegation, that Dr. Broadwell failed to "diagnose and properly treat" the alleged "infection, polyps, and tumors" in his stomach, see Compl. 3, amounts to an allegation of mere negligence or malpractice, which does not state a claim of deliberate indifference. Elsewhere, plaintiff only offers the conclusory allegation that Dr. Broadwell would not "help" him or "arrange for other follow-up medical treatment to be evaluated by a medical practitioner with expertise in this type of treatment." Id. However, plaintiff does not specifically allege any instance in which he made a specific request for help or treatment which was denied or ignored by Dr. Broadwell or the medical staff at Pamlico. Nor does he even allege the existence of objective evidence of such conditions of which Dr. Broadwell should have been aware yet failed to provide treatment. Thus, plaintiff's allegations are simply too conclusory, general, and deficient to state a plausible, non-speculative claim of deliberate indifference.

5

The insufficiency of plaintiff's allegations is especially clear in light of the records which he provided with his complaint. These records contain plaintiff's own requests for information and results about x-rays and other tests performed in response to his complaints. Morever, these records, the veracity and authenticity of which plaintiff does not contest even after defendant relied upon them in his motion to dismiss, also indicate that plaintiff was additionally provided with a physician examination in response to his complaints, and that all of these various tests and examinations simply failed to uncover evidence of the specific conditions claimed by plaintiff. In light of these records and the dearth of factual allegations already discussed, plaintiff simply has not plausibly alleged that Dr. Broadwell or the medical staff he purportedly supervised were so "grossly incompetent" or "inadequate" that their conduct "shocks the conscience" or is "intolerable to fundamental fairness." Miltier, 896 F.2d at 851. Rather, it is clear from the materials plaintiff provided with his complaint that, contrary to his conclusory allegations, Dr. Broadwell and the medical staff responded to plaintiff's complaints and earnestly sought to discover the source of the pain about which he complained. Accordingly, plaintiff has at most plausibly alleged only that he disputes the correctness of Dr. Broadwell's medical judgment, not that Dr. Broadwell violated plaintiff's rights under the Eighth Amendment.[4]

---

[4] Indeed, in light of the "NORMAL-APPEARING CT" of plaintiff's abdomen and pelvis in 2012, one could argue that Dr. Broadwell was not just constitutionally adequate but also was correct in his assessment of plaintiff's condition and the need for additional examination or treatment. Of course, the ultimate correctness of Dr. Broadwell's medical judgment is not at issue. Rather, the court is only presently concerned with the sufficiency of plaintiff's allegations against Dr. Broadwell. It is sufficient for present purposes to note that even plaintiff's own allegations make clear that Dr. Broadwell adequately responded to his complaints and, furthermore, that plaintiff does not even allege the existence of objective evidence of which Dr. Broadwell should have been aware to warrant further treatment or examination. As such, plaintiff has failed to state a claim for deliberate indifference on the part of Dr. Broadwell.

## CONCLUSION

For all of the reasons given above, it is ORDERED that defendant Dr. Broadwell's motion to dismiss [D.E. # 19] pursuant to Rule 12(b)(6) is GRANTED and the complaint is DISMISSED for failure to state a claim upon which relief could be granted. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 31 day of January, 2013.

JAMES C. FOX
Senior United States District Judge